UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGEL ESPINOZA, *individually and on behalf of other similarly situated*,

                Plaintiff,

- against -

WESTSIDE SUPERMARKET LLC *et al.*,

                Defendants.
------------------------------------------------------------X

21 Civ. 8368 (GS)

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

      The Court is in receipt of the parties' fully executed Settlement Agreement and Release (Dkt. No. 114 Ex. A (the "Settlement Agreement")) and counsel's letter seeking approval thereof (Dkt. No. 114 ("Ltr.")) pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). After carefully reviewing the provisions of the Settlement Agreement, I find that it cannot be approved at this time due to its overbroad and non-mutual release provision.

      The Court begins with the other relevant aspects of the Settlement Agreement, which do pass muster under *Cheeks*. First, the economic terms of the Settlement Agreement are fair and reasonable. (*See* Settlement Agreement ¶ 1). Under the Settlement Agreement, Plaintiff will receive $15,000 of the total consideration of $18,000. (*Id.*). This represents nearly half of his claim for unpaid wages of $33,966 and approximately 17% of his total alleged damages including liquidated damages, statutory penalties, and prejudgment interest. (Ltr. at 2 & Ex.

B).  While this percentage recovery is on the low side for a Fair Labor Standards Act ("FLSA") settlement, Plaintiff's counsel states that, based on his discussions with Defendants' counsel, "it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims," as Defendants produced records which "conflict with Plaintiff's recollection" as to the number of hours he worked and the wages he was paid.  (Ltr. at 2).  Considering the totality of the circumstances and the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), I find the settlement amount to be a reasonable compromise.  *See Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058 (KMK), 2020 WL 5578357, at *4-5 (S.D.N.Y. Sept. 17, 2020) (approving recovery amount of "slightly more than 10%" of total alleged damages where, *inter alia*, plaintiffs "face[d] major factual and legal litigation risks" based on evidence suggesting their lost wages were much lower than alleged).

Next, I find counsel's combined fee and costs award of $3,000 to be fair and reasonable under the circumstances.  Assuming $3,000 represents all of counsel's fee, that figure represents a lodestar multiplier of 0.29, which is well below what courts in this District find to be acceptable in FLSA contingency cases.  (Ltr. at 2-3 (citing cases)).  Moreover, it represents approximately 17% of the total settlement consideration of $18,000.00, which is well within the range of what courts in this District find to be reasonable.  *See Vargas v. Pier 59 Studios L.P.*, No. 18 Civ. 10357 (VSB), 2021 WL 6066088, at *2 (S.D.N.Y. Nov. 4, 2021) ("courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases"); *see also, e.g.*,

*Guillermo v. Starting C & M Corp.*, No. 23 Civ. 5022 (AS), 2024 WL 1859733, at *2 (S.D.N.Y. Apr. 29, 2024) (approving attorneys' fees that were "approximately 33% of the net settlement amount").

With respect to relevant non-economic terms, the mutual non-disparagement clause is acceptable to the Court, as it enables the parties to speak truthfully about this litigation, and the resolution thereof, without restraint. (Settlement Agreement ¶ 11). In addition, the Court notes that the Settlement Agreement does not contain a confidentiality provision of the type courts in this District often scrutinize. *See Zorn-Hill*, 2020 WL 5578357, at *6 ("[t]he overwhelming majority of courts reject the proposition that FLSA settlements agreements can be confidential") (citation omitted).

Nevertheless, the release provision of the Settlement Agreement does not pass muster under *Cheeks* and case law in this District. Under Paragraph 3 of the Settlement Agreement, Plaintiff agrees to release the Defendants (and their heirs, successors, assigns, etc., defined as "Releasees") for all claims that Plaintiff has or had against Releasees, whether known or unknown, "which arise under, or relate to, the following":

> i) . . . the Fair Labor Standards Act and/or the New York State Labor Law, and any other federal, state or local legislation, in addition to any rule, regulation, or wage order, concerning employee wages or pay, including the claims set forth in the Plaintiffs operative complaint, and those claims asserted in the Litigation that have occurred as of the Effective Date of this Agreement[;]

ii) Plaintiff's employment with Defendants/Releasees and the termination of same;

iii) any matter, cause, thing, act, or omission of the Defendants/Releasees, or any of them, related in any way to or arising out of the Lawsuit;

iv) employment practices or policies of Defendants/Releasees;

v) state, federal, or local legislation, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act (FLSA), the Equal Pay Act, the Employee Retirement Income Security Act (ERISA), the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Fair Credit Reporting Act (FCRA), the Worker Adjustment and Retraining Notification (WARN) Act, the Genetic Information Nondiscrimination Act (GINA), the Immigration Reform and Control Act (IRCA), the Age Discrimination in Employment Act (ADEA), the Uniform Services Employment and Reemployment Rights Act (USERRA), all as amended, the New York State Human Rights Law (NYSHRL ), the New York Labor Law (NYLL) (including but not limited to the Retaliatory Action by Employers Law), the New York State Worker Adjustment and Retraining Notification Act, the New York Civil Rights Law (NYCRL), Section 125 of the New York Workers' Compensation Law, Article 23-A of the New York Correction Law, the New York City Human Rights Law (NYCHRL), the New York City Earned Sick Leave Law (NYCESLL), all of their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) prohibiting employment discrimination or otherwise governing the relationship between Plaintiff and Defendants/Releasees that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

> vi) compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation, sick pay, or severance;
>
> vii) all common law claims against Defendants/Releases arising under tort, fraud, contract, or quasi-contract law, including but not limited to claims of breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, fraud, negligence, defamation, false imprisonment, battery, and negligent or intentional infliction of emotional distress; and
>
> viii) for monetary or equitable relief, including but not limited to attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties; and
>
> ix) statements by Defendants/Releasees that could be considered or interpreted as denigration, defamation, disparagement, or casting aspersions upon Plaintiff made prior to the date Plaintiff signs this Agreement.

(Settlement Agreement ¶ 3(B)(i)-(ix)).

This release is unreasonable for two reasons. "First, the release improperly extends to 'unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Sehgal v. Benares Fine Cuisine, Inc.*, No. 23 Civ. 2744 (JGLC), 2023 WL 9183763, at *3 (S.D.N.Y. Dec. 11, 2023) (quoting *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, only three of the nine clauses of the release can be said to be limited to wage-and-hour issues (clauses (i),

(iii), and (vi)); the remainder go well beyond such issues and appear to comprise an encyclopedic list of every conceivable claim Plaintiff could have against the Releasees.

Courts in this District have repeatedly made clear that "[t]he release of claims unrelated to those at issue in [a FLSA] action is not reasonable." *Id.* (collecting cases); *see also Illescas v. Four Green Fields LLC*, No. 20 Civ. 9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021) ("In FLSA cases, courts in this District routinely reject release provisions that waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.") (cleaned up).

Second, "the release is improperly one-sided," insofar as Defendants do not release any claims against Plaintiff, regardless of whether such claims would relate to Plaintiff's employment with Defendants. *Sehgal*, 2023 WL 9183763, at *3. "Courts in this District routinely reject non-mutual releases that only protect defendants." *Rodriguez v. Taco Mix II, LLC*, No. 21 Civ. 03644 (ER), 2022 WL 1227732, at *3 (S.D.N.Y. Apr. 22, 2022) (citing *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)).[1]

---

[1] For the parties' benefit, the Court refers the parties to the dockets in *Choc v. Corp. #1*, No. 23 Civ. 3886 (GS) (S.D.N.Y.) and *Martinez et al. v. Rockwood*, No. 23 Civ. 10058 (GS) (S.D.N.Y.) for examples of release provisions that the Court has previously approved.

For the foregoing reasons, the Court **DENIES** approval of the Settlement Agreement at this time. By **June 25, 2024**, the parties are directed to file a revised Settlement Agreement with modifications to Paragraph 3 of the Settlement Agreement consistent with this Order, or, in the alternative, to submit a joint letter indicating their intention to continue litigating this action.

**SO ORDERED.**

DATED:   New York, New York
         May 20, 2024

_____
GARY STEIN
United States Magistrate Judge