UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGEL ESPINOZA, *individually and on behalf of other similarly situated*,

                    Plaintiff,

          - against -

WESTSIDE SUPERMARKET LLC *et al.*,

                    Defendants.
------------------------------------------------------------X

**21 Civ. 8368 (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

      The Court is in receipt of the parties' revised Settlement Agreement and Release (Dkt. No. 118 Ex. A (the "Revised Settlement Agreement")) in furtherance of their request for approval thereof pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). By Order dated May 20, 2024, the Court rejected the initial settlement agreement due to its overbroad and non-mutual release provision. (*See* Dkt. No. 115 at 1, 3-7 (the "May 20, 2024 Order")).

      After reviewing the provisions of the Revised Settlement Agreement, I believe the parties have *attempted* to cure the defects in the original release provision—but unfortunately have failed in that attempt. Specifically, the revised release provision (Paragraph 3) removes the long list of broad categories of claims released by Plaintiff that appeared in the initial settlement agreement and replaces it with an appropriately narrowed list limited to claims for wages and other compensation and matters related to or arising out of this lawsuit. (*Compare* Dkt. No. 114 Ex. A

¶ 3 *with* Revised Settlement Agreement ¶ 3(B)(i), (ii), (iii)).  In addition, as revised, Paragraph 3 is no longer entirely non-mutual; it now contains a release by Defendants in respect of any claims they have against Plaintiffs relating to the claims arising out of the lawsuit.  (Revised Settlement Agreement ¶ 3).

However, if the parties intended to limit the scope of the claims covered by Plaintiff's release to the three narrowed categories in clauses (i), (ii), and (iii) of Paragraph 3(B), the Revised Settlement Agreement fails to effectuate that intent. That is because those categories of released claims appear after prefatory language in Paragraph 3(B) that broadly defines "Claims" to mean all claims "which the Plaintiff at any time has, had, claims or claimed to have against Releasees, *including* those claims which arise under, or relate to, the following" three categories of claims.  (*Id.* ¶ 3(B) (emphasis added)).  Because the word "including" is commonly construed as "a term of enlargement, not of limitation," *In re Sarex Corp.*, 509 F.2d 689, 691 (2d Cir. 1975), the effect is to leave intact, rather than curtail, the broad definition of Claims that precedes it—which effectively amounts to a general release.

A solution, however, is readily at hand: deleting the phrase "including those claims."  The first sentence of Paragraph 3(B) would then read as follows:

> As used herein, "Claims" shall mean and include any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent which the Plaintiff at any time has, had,

>> claims or claimed to have against Releasees which arise under, or relate to, the following:

This would limit the release to the three categories of claims specified in clauses (i), (ii), and (iii).

Where a settlement agreement contains a severability clause, a court may strike an offensive provision and otherwise approve the agreement pursuant to *Cheeks*. *See Santos v. Sofa Doctor Inc.*, No. 20 Civ. 9349 (JLC), 2021 WL 5316405, at *1 (S.D.N.Y. Nov. 16, 2021). The Revised Settlement Agreement contains a severability clause. (Revised Settlement Agreement ¶ 12). The severability clause, however, contemplates that if a court finds the release to be unenforceable, Plaintiff will "promptly execute a release . . . that is legal and enforceable." (*Id.*). Because this provision does not appear to authorize the Court to revise Paragraph 3 on its own, the Court must again require the parties to cure the deficiency and submit a further revised settlement agreement for the Court's approval.

Assuming the change described above is made, the Court will find the release provision to be fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20 Civ. 7131 (KMK), 2021 WL 38264, at *5 (S.D.N.Y. Jan. 5, 2021); *Heimann v. Lingua Franca NYC Inc.*, No. 23 Civ. 954 (AT), 2023 WL 5609199, at *2 (S.D.N.Y. Aug. 30, 2023). Further, the Court deduces from the Revised Settlement Agreement and the parties' renewed letter seeking approval thereof that the modifications to the release provision are the only changes that the parties have made to their prior agreement. (*Compare* Dkt. No. 114 Ex. A *with*

Revised Settlement Agreement). The Court has already, in its May 20, 2024 Order, given its stamp of approval to the other relevant non-release provisions. (Dkt. No. 115 at 1-3).

Accordingly, the Court **DENIES** approval of the Revised Settlement Agreement. By July 15, 2024, the parties are directed to file a further revised Settlement Agreement with modifications to Paragraph 3 consistent with this Order, or, in the alternative, to submit a joint letter indicating their intention to continue litigating this action.

**SO ORDERED.**

DATED:   New York, New York
         July 1, 2024

_____
GARY STEIN
United States Magistrate Judge